Wayne Dedow, pro se, Texarkana, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Wayne Dedow appeals his sentence following the revocation of his supervised release term relating to Dedow's 1993 guilty plea conviction for conspiracy to distribute more than 100 kilograms of marijuana. Dedow argues that 1) his 35–month prison sentence is unauthorized and excessive, 2) the district court erred by imposing a "new" 13–month term of supervised release, and 3) his attorney rendered ineffective assistance.

Based on his underlying drug conspiracy conviction, Dedow's 35–month sentence did not exceed the statutory maximum under 18 U.S.C. § 3583(e)(3) and was therefore

legally imposed. *See United States v. Giddings,* 37 F.3d 1091, 1093 (5th Cir.1994). Dedow's challenge to his 13–month term of supervised release, raised for the first time on appeal, is foreclosed by *Johnson v. United States,* 529 U.S. 694, 702–03, 712–13, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Accordingly, Dedow's argument does not survive plain error review. *See United States v. Calverley,* 37 F.3d 160, 162–64 (5th Cir.1994) (en banc).

Dedow's ineffective assistance of counsel arguments were not presented to the district court, and Dedow fails to identify portions of the record that provide substantial details about his attorney's conduct. We therefore decline to address those issues on direct appeal. *United States v. Bounds,* 943 F.2d 541, 544 (5th Cir.1991).

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin Benito FRIAS–SALAZAR,
Defendant–Appellant.**

**No. 03–50824.
Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

---

Joseph H. Gay, Jr, Assistant US Attorney, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Martin Benito Frias–Salazar appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Frias–Salazar contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Frias–Salazar maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Frias–Salazar acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.